Alvarez Et Al *v.* El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan.

No. 3.—Resuelto en Abril 20, 1903.

Documentos Públicos Sujetos á Registro.—Defectos Insubsanables.—La falta de claridad y precisión en la redacción de documentos públicos sujetos á Registro, particularmente cuando recae sobre alguna ó algunas de las circunstancias que debe contener la inscripción, bajo pena de nulidad, constituye un defecto de legalidad en el documento, que impide su inscripción en el Registro de la Propiedad.

Testamentos.—Falta de Claridad en su Redacción.—La falta de claridad en la redacción de cláusula tan importante en un testamento como la de institución de herederos, en términos que no permitan conocer la verda-

Caguas, entered an appearance. The proper memorandum being prepared and the papers submitted to the parties, a day was set for the hearing at which both parties were present.

*Mr. del Toro*, (Fiscal), for appellant.

*Mr. Texidor*, for respondent.

No. 3.—Decided April 20, 1903.

PUBLIC DOCUMENTS SUBJECT TO RECORD.—DEFECTS CAPABLE OF CORRECTION.—A public document subject to record which fails to set forth with clearness and precision every detail which according to law the record must contain under penalty of nullity, constitutes a legal defect which prevents its admission to record in the Registry of Property.

WILLS.—VAGUE AND UNCERTAIN IN THE PROVISIONS THEREOF.—Where the wording of a testamentary provision constituting heirs is so vague and

dera voluntad del testador, constituye un defecto que impide inscribir en el Registro la propiedad de los bienes en favor de ninguno de los interesados en la herencia, hasta tanto que por los Tribunales de Justicia, y en el juicio contradictorio correspondiente, no se determinen y fijen los verdaderos conceptos de dicha cláusula.

### EXPOSICIÓN DEL CASO.

*Resultando:* que elevado á documento público el testamento cerrado otorgado por Don José Isern, en 27 de Noviembre de 1865, y protocolado en el Oficio del Escribano Don Juan Basilio Núñez, á virtud del auto dictado por el Juez de Primera Instancia de esta Capital, Don Pablo Gudal, en 29 de Agosto de 1870, aparece ordenada la cláusula 12 de dicha disposición testamentaria, por la que dispuso el testador la institución de herederos textualmente en los términos siguientes:

"XII.—Ítem y después de cumplido y pagado este mi testamento, con arreglo á las cláusulas y disposiciones que contiene, usando de las facultades que me conceden las leyes y en virtud á carecer, como carezco, de herederos forzosos, instituyo y nombro por mi única y universal heredera, con la calidad de usufructuria, á mi antedicha legítima esposa, Doña Luisa Alvarez de Isern, para que los goce y disfrute en ese concepto y mientras viva, con la bendición de Dios y la mía; no pudiendo, por tanto, disponer de ellos, en manera alguna, puesto que con sus rentas y productos puede atender decorosamente á su subsistencia durante sus días. Y después del fallecimiento de mi referida esposa, entrará á substituirla en la herencia, mi sobrina y ahijada de bautismo, Doña Adelaida Isern, hija natural reconocida de mi hermano Don Juan Isern, la cual, como mi heredera que la instituyo y nombro desde ahora, para después que ocurra el fallecimiento de mi referida esposa, disfrutará á la vez de las rentas y productos de mis bienes, sin que pueda ésta, tampoco, disponer de dichos bienes bajo ningún concepto, á no ser que tome estado y se case con un hombre de buena conducta y sanos principios y tenga en su matrimonio hijos legítimos, en cuyo caso será, únicamente, que podrá disponer la propia Doña Adelaida de mis bienes, por cualquier título, pero ésto después del fallecimiento de mi referida esposa, y no antes, debiendo esta última satisfacer los réditos que devenguen los capitales acensados de las casas, y contribuciones que se las impongan durante su administración y usufructo, á fin de que á su fallecimiento entre á suceder la heredera Doña Adelaida, y no se perjudique ésta con el pago de réditos ó contribuciones atrasadas, y que desde entonces en adelante siga también pagándolos con exactitud la misma Doña Adelaida. Y si ésta no se casare, y si haciéndolo,

uncertain as to preclude absolute certainty with respect to the real wishes of the testator, the ownership to the property cannot be entered in the Registry of Property in favor of any of the parties interested in the inheritance until the intention of the testator has been determined by the court in a proper hearing.

## STATEMENT OF THE CASE.

The sealed will executed on November 27, 1856, by José Isern was made a public document and filed in the protocols kept at the office of Notary Juan Basilio Nuñez, pursuant to a decree issued August 29, 1870, by Pablo Gudal, Judge of First Instance of this Capital. In the twelfth clause of said testamentary disposition the testator provided for the constitution of heirs to his estate literally in the following terms;

XII—Moreover, after fulfilling and satisfying this my testament, in accordance with the clauses and provisions contained therein, exercising the powers allowed me by the laws, and having no heirs by force of law, I constitute and appoint my aforesaid lawful wife, Luisa Alvarez de Isern, my sole and universal heir, as usufructuary, to enjoy and possess my estate as such usufructuary during her life, with the blessing of God and mine. She shall have no power, therefore, to dispose of the property in any manner whatsoever, since with the income and products thereof she can befittingly supply her wants while she lives. And upon the death of my aforesaid wife, my niece and god-daughter Adelaida Isern, acknowled natural child of my brother Juan Isern shall substitute my said wife as heir to the estate she being from this day constituted and appointed heir to my estate, to take effect after the death of my aforesaid wife, to enjoy both the income and products thereof, but likewise without power to dispose of said property in any manner whatsoever, except in the event that she should marry a man of good conduct and character and have legitimate children by him, in which case alone shall said Adelaida dispose of my property by any title whatsoever, but only after, and not before, the demise of my aforesaid wife, it being the latter's duty to pay the amounts which come due under the annuities (censo) encumbering the houses, and such taxes as may be assessed upon them during her administration and usufruct, so that when she dies and the heir Adelaida comes into possession of the estate she may not be burdened with the payment of overdue annuities and taxes, and thereafter the said Adelaida shall continue punctually to pay the same. And if the latter should remain single or, being married, should have no legitimate children, upon her death she shall be succeeded by her sister Demetria

no tuviere hijos legítimos, en ese caso, y á su fallecimiento, entrará á suce-
derla su hermana Doña Demetria Isern, con las mismas condiciones; fallecida
esta última, también sin haberse casado, ni tener hijos legítimos, en ese caso
recaerá la herencia en su otra' hermana Doña Juana, en defecto de ésta, ó sea
después de su fallecimiento, el otro hermano Don José y después de este
último pasará la herencia á Don Manuel Isern, hermano también de aquéllas,
debiendo aclarar, por conclusión, que si la heredera Doña Adelaida contrae
matrimonio y tiene hijos en él, en este caso serán estos últimos los que debe-
rán considerarse y reconocerse por mis únicos y universales herederos, con
facultades amplias é ilimitadas para administrar mis bienes y usar y disponer
de ellos libremente y á su beneplácito, sin oposición de persona alguna, como
tales mis herederos que les instituyo y elijo desde ahora y para entonces; pero
entendiéndose siempre después de ocurrido el fallecimiento de mi referida
esposa, Doña Luisa Alvarez de Isern, á quien deberán respetar y considerar
en vida como una verdadera madre, sin que la ofendan ni molesten en lo
más mínimo y mucho menos intenten reclamación judicial alguna contra ella,
referente á mis disposiciones aquí consignadas, so pena de considerarse como
se tendrá por ineficaz en ese caso la institución de heredero hecha en favor de
aquel que estableciere el reclamo y cause molestia y disgusto á mi referida
esposa, la cual entonces, y con justa y reconocida causa, podrá disponer de
mis bienes en favor de quien le plazca, por vía de substitución de aquel que
produzca la novedad indicada, pero sin perjudicar en su derecho y acciones á
las demás personas que he designado y respeten mi última voluntad, cuyo
cumplimiento encargo muy especial y encarecidamente á mi referida esposa y
albaceas, esperando también del cariño de mis herederos que se conduzcan
con honradez y las virtudes que han demostrado, para que obtengan y me-
rezcan en galardón la herencia que les deparo, y la gocen y disfruten con la
bendición de Dios y la mía."

*Resultando:* que presentado un testimonio del citado tes-
tamento, en unión de la partida de matrimonio de Doña
Adelaida Isern con Don Esteban Catá y de la de bautizmo
de la hija de ambos, Doña María del Carmen, para la ins-
cripción de una de las casas del caudal hereditario á favor
de la Viuda Doña Luisa Alvarez, como heredera usufruc-
tuaria y la nuda propiedad á favor de Doña Adelaida Isern,
la denegó el Registrador por los fundamentos que expresa
la nota puesta·por el mismo al pié del citado testimonio,
que copiada á la letra dice así:

"No admitida la inscripción del anterior documento solicitada en cuanto á
la casa número 68 de la Calle de "San Sebastián" de esta Ciudad, á favor

Isern, upon the same conditions. Should the latter die single or without any legitimate issue, the estate shall pass to her other sister, Juana, in whose default, or after·whose death, the heir shall be her brother José and after him the estate shall pass to Manuel Isern, another brother of the aforesaid Juana. In conclusion, it is explained that should the heir Adelaida marry and have children by such marriage, then these shall be considered and recognized as the sole and universal heirs, with ample and unlimited powers to administer my property, and freely to use and dispose thereof at their pleasure, without opposition from any person as such heirs, whom I now constitute and appoint· to take effect in that event. This, however, to be always understood as occurring after the death of my aforesaid wife, Luisa Alvarez de Isern, who, while living, shall be respected and considered as a true mother, and not offended or disturbed in any respect, and much less shall any judicial claim be instituted against her with reference to my dispositions herein set out, for then the appointment of the heir, who shall have instituted the claim and caused annoyance and trouble to my aforesaid wife shall remain without effect, and thereupon she may justly and with sufficient cause dispose of my property in favor of whomsoever she pleases, in substitution of the one causing the difficulty, but without prejudicing in their rights and actions the other persons· designated by me who shall have respected my last will, compliance wherewith I especially and most earnestly and affectionately recommend to my aforesaid wife and executors, while also expecting from the affection of my heirs that they shall conduct themselves with honesty and the virtues they have shown, so as to be worthy of, and obtain in recompense, the inheritance I bestow upon them, and enjoy and possess the same with the blessing of God and mine".

A certified copy of said will, accompanied by a certificate of the marriage of Adelaida Isern to Esteban Catá and a certificate of baptism of their daughter, María del Carmen, was presented for the purpose of having one of the houses belonging to the estate recorded in favor of the widow, Luisa Alvarez, as usufructuary heir, and the naked ownership thereof in favor of Adelaida Isern, said record being refused by the Registrar for the reasons set forth in the memorandum placed at the end of the aforesaid certified copy and which reads as follows:

"The admission to record of the foregoing document as requested with reference to house No. 68, San Sebastián Street, of this city, in favor of Luisa Alvarez, as to usufruct, and in favor of Adelaida Isern, as to the naked ownership thereof, is refused because there is ambiguity and contradic-

de Doña Luisa Alvarez, en cuanto al usufructo, y de Doña Adelaida Isern respecto á la nuda propiedad, por existir ambigüedad y contradicción respecto á la institución de herederos, pues primero instituye como tal el testador á su sobrina Doña Adelaida Isern con facultad de disponer de sus bienes si se casare y tuviere hijos legítimos, y, después de establecer varios substitutos para el caso de que dicha señora no se casare, y si haciéndolo no tuviera hijos legítimos, expresa que si la Doña Adelaida contragere matrimonio y tuviere hijos en él, en ese caso serían estos últimos los que deberían considerarse y reconocerse como únicos y universales herederos del testador, que los instituyó y eligió como tales en su testamento, con arreglo á lo establecido en los artículos 9, 18, y 30 de la Ley Hipotecaria, y 77 del Reglamento para su ejecución ; y en cumplimiento de la Ley sobre recursos contra las resoluciones de los Registradores, se ha extendido anotación preventiva al folio 233 del tomo 50 de esta Ciudad, finca 2162, anotación letra A., que tendrá efecto legal durante 120 días de su fecha.—San Juan, Puerto Rico, Marzo 31 de 1903.—El Registrador, José Benedicto."

*Resultando :* que contra esta nota ha interpuesto en tiempo el abogado Don Wenceslao Bosch, á nombre de Doña Luisa Alvarez y de Doña Adelaida Isern, el presente recurso gubernativo para que se revoque la nota denegatoria del Registrador y se decrete la inscripción del testamento en los términos solicitados por los recurrentes, alegando, al efecto, entre otras razones pertinentes á su derecho, la de que la voluntad del testador es clara y perfectamente definida en la cláusula testamentaria de que se trata, respecto de la persona que deba ser heredera; que al tenor de dicha cláusula Doña Adelaida es la heredera y tiene la libre disposición de la herencia, que es la nuda propiedad cuya inscripción se ha solicitado. si se casa con un hombre de buena conducta y tiene en su matrimonio hijos legítimos, y que éstos sólo son herederos en el caso de que su madre hubiere fallecido, y siempre preferentemente á los hermanos de la Doña Adelaida, instituidos única y exclusivamente para el caso de que aquélla falleciere sin dejar hijos legítimos.

Abogado del recurrente : *Sr. Bosch.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal :

tion with regard to the constitution of the heirs, for the testator, in the first place, names as such his niece, Adelaida Isern, with power to dispose of his property should she marry and have legitimate issue, and after designating several substitutes in the event that she should not marry or, if married, should have no legitimate children, he provides that in case said Adelaida should contract marriage and have children thereby, they shall be considered and recognized as the sole and universal heirs of the testator, they being constituted and appointed as such in his will.    This is in accordance with articles 9, 18 and 30 of the Morgage Law, and 77 of the Regulations for the execution thereof; and in compliance with the law providing for appeals from the decisions of Registrars of Property, a cautionary notice has been entered on folio 233, volume 50, of this city, property No. 2162, entry A. to have legal effect during one hundred and twenty days from the date hereof.—José Benedicto, Registrar".

From the above decision Wenceslao Bosch, Esq., on behalf of Luisa Alvarez and Adelaida Isern, in due time took this appeal, praying that the refusal of the Registrar be reversed, and the admission to record of the will decreed, as requested by appellants, alleging, among other reasons in support of their claim, that the will of the testator is clear and perfectly defined in the testamentary clause referred to, as to the person who is to be the heir; that according to said clause Adelaida is the heir and has a right freely to dispose of the inheritance, which is the naked ownership whereof the record is requested, in case of her marrying a man of good conduct and having legitimate children by said marriage, and that the latter shall become heirs only upon the death of their mother, in preference to the brothers of said Adelaida, who are to inherit only in case of the latter's death without leaving legitimate children.

*Considerando:* que la falta de claridad y precisión en la redacción de los documentos públicos sujetos á registro, particularmente cuando recae sobre alguna ó algunas de las circunstancias que debe contener la inscripción, bajo pena de nulidad, constituye un defecto de. legalidad en el documento que impide su inscripción en el Registro de la Propiedad, de acuerdo con lo que ordena el artículo 77 del Reglamento dictado para la ejecución de la Ley Hipotecaria en esta Isla.

*Considerando:* que en la disposición testamentaria de que se trata en el presente recurso, existe, cuando menos, falta de claridad en la redacción de cláusula tan importante como la de institución de herederos, en términos que no permiten conocer, sin alguna duda, la verdadera voluntad del testador, por cuyo motivo, y mientras ésta no se aclare por los Tribunales de Justicia, y en el juicio contradictorio correspondiente, no es posible inscribir en el Registro la propiedad de los bienes en favor de ninguno de los interesados en la herencia.

*Vistos* los textos legales citados por el Registrador en su nota, y la Jurisprudencia de la Dirección General de los Registros de la Propiedad y del Notariado.

*Se confirma* la nota denegatoria puesta por el Registrador de la Propiedad de esta Capital al pié del testamento de que se trata en el presente recurso, el que se devolverá á su presentante, remitiéndose copia certificada de la presente resolución al Registrador, para su conocimiento y demás efectos procedentes.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.